**UNITED STATES of America,**

v.

**Fermin VALENCIA–CHACON,
Appellant.**

No. 01–2756.

United States Court of Appeals,
Third Circuit.

Submitted April 30, 2002.

Decided May 10, 2002.

Before NYGAARD, ROTH, and WEIS,
Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Fermin Valencia–Chacon, entered the United States in 1991 as a legal permanent resident. In 1996, he was convicted in California of transportation of methamphetamine, in violation of the California Health & Safety Code 11379(a). He was sentenced to three-years in prison, and was deported.

In 2000, he pleaded guilty in federal court to illegal reentry of a deported alien in violation of 8 U.S.C. 1326(a) and (b). At his sentencing hearing, the District Court found that; 1) under U.S.S.G. 2L1.2, Valencia–Chacon's base offense level was 8; 2) a 16 level increase was warranted pursuant to U.S.S.G. 2L1.2(b)(1) because Valencia–Chacon was previously deported after a criminal conviction for an aggravated felony; and that, 3) Valencia–Chacon was

entitled to a 3–level decrease for acceptance of responsibility pursuant to U.S.S.G. 3E1.1(a) and (b)(2). This all resulted in a total offense level of 21, and a sentence of 41 month incarceration. Valencia–Chacon appeals, claiming; 1) that his prior conviction for transportation of methamphetamine should not have constituted an aggravated felony as defined in 8 U.S.C. 1101(a)(43)(B), and that; 2) the District Court erred by increasing the statutory maximum penalty based upon an prior conviction for an aggravated felony. We find no merit in either issue and will affirm.

Valencia–Chacon first argues that his prior conviction for transportation of methamphetamine is not an aggravated felony as defined in 8 U.S.C. 1101(a)(43)(B) and therefore does not warrant a 16–level enhancement under U.S.S.G. 2L1.2(b)(1)(A). We disagree. Title 8 of the United States Code, section 1101(a)(43)(B) defines aggravated felony as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18.)" 18 U.S.C. 924(c) defines a drug trafficking crime as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.) ..." The Controlled Substances Act describes the transportation of controlled substances in both interstate and intrastate commerce as being a part of the trafficking in controlled substances. See 21 U.S.C. 801(3)(A), (B), (C), (4), (5), (6) and (7).

Valencia–Chacon pleaded nolo contendere in California state court to the charge of transportation of methamphetamine in violation of California Health and Safety Code 11379(a). The District Court found this crime to be a felony punishable under the Controlled Substances Act, and a drug trafficking crime under 18 U.S.C. 924(c). Therefore, the Court found this crime to

be an aggravated felony under 8 U.S.C. 1101(a)(43)(B), warranting a 16–level increase in Valencia–Chacon's base offense level. We agree with the District Court.

Valencia–Chacon's second argument is that the District Court erred by increasing the statutory maximum penalty based upon an allegedly prior conviction for an aggravated felony, where that conviction was neither alleged in the indictment nor proved beyond a reasonable doubt. In *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that an aggravated felony which increases the maximum sentence may be found by the judge at sentencing and need neither be alleged in the indictment nor proven as an element of the offense. Valencia–Chacon admits that we must follow Almendarez–Torres, and that he raises this issue simply to preserve it in the event the Supreme Court reverses this holding.

In sum and for the above stated reasons, we will affirm the District Court's judgment of conviction and sentence.